UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT W. JOHNSON,

                        Plaintiff,

           -against-

PFIZER, et al.,

                        Defendants.

1:19-CV-8249 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action under the Court's federal question jurisdiction. By order dated January 14, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons discussed below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff sues 78 defendants, including pharmaceutical corporations and limited liability companies, individuals and the estates of deceased individuals, but also prescription and nonprescription medications, as well as dental and health-care products.[1]

Plaintiff alleges that the bases for the Court's jurisdiction to consider this action are:

> Defective products, injurious side effects, product def[i]ciency for human consumption, defective drugs, RICO Act, DEA violations, ICE criminal offenses, human rights violations, civil rights violations, U.S. Constitutional violations, federal drug administration violations, defective drug chemicals, breach of contract, fraud advertisement, fraud corporation, in continuance of fraud products & defenses, pharmaceutical distributions, opio[i]d distribution & trafficking (foreign & domestic), criminal enterprise, public integrity abuses & violations, consumer products fraud & marketing.

(ECF 2, at 3.)

Plaintiff makes the following allegations:

> Since January 5, 2004[,] Plaintiff used medications above-said in caption listed as defendants. Plaintiff received side effects mentally & physically from false advertisements in media outlets & tangible papers & human consumptions by Plaintiff. Plaintiff experienced mood swings, personality conflicts, psyche disorders, post-traumatic stress disorder(s), back pain worsening(s), dizziness

---

[1] Plaintiff sues, among other defendants, the brand names and non-brand names of the following medications, health-care products, and dental products: Advil, Motrin, Nuprin, Ibuprofen, Lexapro, Sensodyne toothpaste, Salonpas, and Naporsyn.

> daily, decreased appetites, headaches, withdrawals & lack of energy. To date, Plaintiff symptoms have worsened & above-captioned medications are still accessible to Plaintiff & public. Plaintiff reserves rights to file criminal charges against parties for distribution, advertising & manufacturing harmful pharmaceutical drugs to public for use.

(*Id.* at 4.)

Plaintiff does not specify in his complaint the relief he seeks. But after he filed his complaint, Plaintiff filed a "motion to admit relief sought for punitive damages" in which he states that he seeks "$500 trillion dollars (punitive); $200 billion dollars for future pain & suffering & 100% ownership of defendants['] corporations (domestic & foreign)." (ECF 5.) The Courts construes that submission as a supplement to Plaintiff's complaint.

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff has filed numerous frivolous actions in this Court; this Court has warned Plaintiff that further frivolous litigation in this Court will result in an order barring him from filing new civil actions in this Court IFP without the Court's leave to file. *See Johnson v. Law Offices of Jennifer S. Adams*, ECF 1:19-CV-6272, 4 (S.D.N.Y. July 15, 2019), *appeal dismissed*, 19-2235 (2d Cir. Oct. 23, 2019), *petition for cert. filed*, No. 19-7206 (Dec. 27, 2019). In an order

3

dated November 5, 2019, the Court directed Plaintiff to show cause why the Court should not bar him from filing any future civil action in this Court IFP without the Court's leave to file. *See Johnson v. Wolfe*, ECF 1:19-CV-7337, 5 (S.D.N.Y. Nov. 5, 2019) (notice of appeal filed Nov. 13, 2019). Plaintiff remains warned.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court dismisses this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: January 31, 2020
New York, New York

COLLEEN McMAHON
Chief United States District Judge